ROBERT C. ROGERS, *Appellee*, v. MINNIE M. LINDSAY,
as Administratrix, etc., *Appellant.*

No. 18,123.

SYLLABUS BY THE COURT.

GUARDIAN—*Mistake in Accounts—No Fraud—Guardian Entitled
to Compensation.* Mere mistakes in keeping accounts with the
estate, where no fraud is shown, do not forfeit a guardian's
right to compensation for his services.

Appeal from Neosho district court.  Opinion filed
April 12, 1913.  Modified.

*Ross B. Smith,* and *Claude M. Brobst,* both of Cha-
nute, for the appellant.

*A. S. Lapham,* and *John W. Lapham,* both of Cha-
nute, for the appellee.

The opinion of the court was delivered by

SMITH, J.:  From February, 1898, until the latter
part of the year 1908, when J. C. Merritt was appointed
his successor, George N. Lindsay was the guardian of
the appellee, then a minor.  Merritt served as such
guardian until appellee attained his majority and in
due time made settlement of the estate that came into
his hands.  Thereafter, in February, 1910, the appellee
commenced this action against Minnie M. Lindsay, as
administratrix of the estate of George N. Lindsay, to
recover the sum of $994.74, with interest, which he
claimed Lindsay, as guardian, had received and had not
accounted for or turned over to his successor, Merritt.

The action was tried on proper pleadings and no
trial error occurred except as hereinafter referred to.
Judgment was rendered in favor of the appellee for
$835 and interest and costs.  Motion for new trial was
overruled and appeal taken.

The errors alleged are that the court erred in render-

27—89 KAN.

·ing judgment against appellant for too large an amount, in rendering judgment against the appellant for costs, and in overruling the motion for a new trial.

The amount of the judgment rendered is too large in this, that no act or conduct on the part of Lindsay as guardian is shown which should deprive him or his estate of reasonable compensation for his services. At most, the evidence shows that Lindsay, as guardian, made mistakes and omissions in his account and reports both adverse to himself and to his ward. No suggestion of intended fraud is made. Mere mistakes in keeping accounts do not forfeit a guardian's right to compensation for his services.

The case is remanded with instructions to try the question and determine the value of the services rendered by Lindsay, as guardian, and to deduct such amount from the judgment rendered. The judgment so modified is affirmed.